## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| John Geraci, | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No.: _____ |
| v. | : |
| | : |
| Alliance Security, Inc.; and DOES 1-10, inclusive, | : |
| | : |
| Defendants. | : |
| | : |

## COMPLAINT

Plaintiff, John Geraci, says by way of Complaint against Defendant, Alliance Security, Inc., as follows:

### JURISDICTION

1.     This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2.     Venue is proper in the U.S. District Court for the District of New Jersey pursuant to 28 U.S.C. § 1391(b), as Defendants transact business in the State of New Jersey.

### PARTIES

3.     The Plaintiff, John Geraci ("Plaintiff"), is an adult individual residing in West Deptford, New Jersey, and is a "person" as defined by 47 U.S.C. § 153(39).

4.     Defendant Alliance Security, Inc. ("Alliance"), is a Rhode Island business entity with an address of 60 Jefferson Park Road, Warwick, Rhode Island 02888, and is a "person" as defined by 47 U.S.C. § 153(39).

5.      Does 1-10 (the "Agents") are individual employees and/or agents employed by Alliance and whose identities are currently unknown to the Plaintiff.  One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6.      Alliance at all times acted by and through one or more of the Agents.

## FACTS

7.      On or around September 9, 2015, Alliance started calling Plaintiff's cellular telephone, number 609-xxx-9643, in an attempt to solicit its products and services to Plaintiff.

8.      At all times mentioned herein, Alliance contacted Plaintiff using an automated telephone dialer system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

9.      When Plaintiff answered Alliance's calls, he heard a promotional prerecorded message, after which Plaintiff was transferred to the next available representative.

10.      Plaintiff does not know how Alliance acquired his cellular phone number. Plaintiff did not provide it to Alliance.

11.      Plaintiff did not provide prior express consent to Alliance to place calls to his cellular phone number.

12.      Plaintiff has no business relationship with Alliance and never requested by an agreement or otherwise that he be contacted.

13.      Moreover, during a live conversation in September 2015, Plaintiff informed Alliance that he was not interested in services Alliance was offering, and as such, demanded that all calls to him cease immediately.

14.      Nonetheless, Alliance continued to place automated calls to Plaintiff's cellular telephone.

## COUNT I

### VIOLATIONS OF THE TCPA – 47 U.S.C. § 227, *ET SEQ.*

15.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

16.     At all times mentioned herein and within the last year, Defendants called Plaintiff on his cellular telephone using an ATDS or predictive dialer and/or by using a prerecorded or artificial voice.

17.     Plaintiff never provided his cellular telephone to Defendants and never provided his consent to be contacted on his cellular telephone, and in fact instructed Defendants to stop all calls to him.

18.     In the event Defendants at one time had consent to contact Plaintiff on his cellular telephone, Plaintiff revoked his consent by his demand to cease calls to his cellular telephone.

19.     The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

20.     The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21.     Each of the aforementioned calls made by Defendants constitutes a violation of the TCPA.

22.     As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

23.     As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

A.  Statutory damages of $500.00 for each violation determined to be negligent

pursuant to 47 U.S.C. § 227(b)(3)(B);

B.  Treble damages for each violation determined to be willful and/or knowing

pursuant to 47 U.S.C. § 227(b)(3)(C);

C.  Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: January 10, 2016

Respectfully submitted,

By: /s/ Sofia Balile

Sofia Balile, Esq.
Lemberg Law, LLC
43 Danbury Road
Wilton, CT 06897
Phone: (917) 981-0849
Fax:    (888) 953-6237